IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEKS LATSABIDZE,<br><br>Petitioner,<br><br>vs.<br><br>JEROME KRAMER, Sheriff, Lincoln County, Nebraska, and Custodian of Petitioner at Lincoln County Detention Center; DAVID EASTERWOOD, Acting Field Office Director of ICE Enforcement and Removal Operations, St. Paul Field Office; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary U.S. Department of Homeland Security;<br><br>Respondents. | **7:26CV5016**<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on Petitioner Aleks Latsabidze's petition for a writ of habeas corpus. (Filing No. 1). Latsabidze is a native and citizen of Georgia detained by U.S. Immigration and Customs Enforcement (ICE) at the Lincoln County Detention Center in North Platte, Nebraska. (Filing No. 1 at 2).

Latsabidze alleges he entered the United States "after inspection and authorization pursuant to a B-1/B-2 nonimmigrant visa." (Filing No. 1 at 6). He sought asylum in 2019 and pursued employment-based permanent residence seven years later. (Filing No. 1 at 7). Before his detention, Latsabidze worked as a commercial truck driver. (Filing No. 1 at 7).

In August 2026, Latsabidze was involved in "a serious tractor-trailer collision" on Interstate 80 in North Platte. (Filing No. 1 at 7). The collision resulted in the death of another driver. (Filing No. 1 at 7). Latsabidze "cooperated" with responding law enforcement officers, and he alleges that after they "review[ed] available camera footage," they told him they did not "intend" to criminally charge him and "initially intended to release him." (Filing No. 1 at 7). But after learning Latsabidze was not a citizen, law enforcement contacted ICE. (Filing No. 1 at 7). ICE asked law enforcement to hold Latsabidze for transfer to immigration custody. (Filing No. 1 at 7).

Law enforcement honored that request. Latsabidze was booked into the Lincoln County Detention Center the day after the collision. (Filing No. 1 at 8).To Latsabidze's knowledge, "no immigration warrant was presented" before he was detained. (Filing No. 1 at 8). ICE also initiated removal proceedings against Latsabidze, but he "does not presently possess the Notice to Appear" that started those proceedings. (Filing No. 1 at 8).

Latsabidze now challenges the lawfulness of his warrantless arrest and detention. (Filing No. 1). He seeks immediate release or in the alternative, a bond hearing under 8 U.S.C. § 1226(a). (Filing No. 1 at 21-22). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Latsabidze] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Latsabidze]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Latsabidze's] detention." *Id.*

Here, the Court will hear from the Respondents before determining whether Latsabidze is entitled to any relief. Accordingly, the Court orders Latsabidze to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Latsabidze replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Latsabidze may not be removed from the United States or the District of Nebraska

until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner shall serve his petition for a writ of habeas corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.
2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.
3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.
4. The Court will then set a prompt hearing on this matter.
5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 20th day of August, 2026.

BY THE COURT:

Susan M. Bazis

Susan M. Bazis
United States District Judge